# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| ADALMER DUBEN LAPARRA GONZALEZ, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) Civil Action No.: 5:20-cv-81<br>) |
| TRACY JOHNS, | )<br>)<br>) |
| Respondent. | ) |

## RESPONDENT'S MOTION TO DISMISS

Respondent, Warden Tracy Johns, through the United States Attorney for the Southern District of Georgia, moves to dismiss the Petition filed by Adalmer Duben Laparra Gonzalez under 28 U.S.C. § 2241.

## STATEMENT OF THE ISSUE

Adalmer Duben Laparra Gonzalez ("Petitioner"), Federal Register 15832-104, is an inmate with the Federal Bureau of Prisons ("BOP"). *See* Government Exhibit 1, Declaration of Jason White ("White Dec."), Attachment 1. Petitioner currently resides at the Big Spring Correctional Facility in Big Spring, Texas, *see id.*, though he resided at D. Ray James Correctional Facility in Folkston, Georgia, when he filed this petition, *see* Doc. 1 at 3. He was sentenced in the Southern District of Florida to a term of 57 months. White Dec., Attachment 1. Petitioner's projected date of release is May 25, 2021, via good-conduct release. *Id.* He has an immigration detainer lodged against him. White Dec., ¶ 9.

Noting the existence of COVID-19, Petitioner asks for three potential forms of relief: that his sentence be reduced to time served, that he be granted a compassionate release, or that he be sent to home confinement. Doc. 1 at 2-3.

## STATEMENT OF FACTS

Petitioner is incarcerated pursuant to a judgment of the United States District Court for the Southern District of Florida, for a period of incarceration of 57 months. Government Exhibit 2 (Judgment). He does not challenge his sentence, the BOP's calculation or administration of his sentence, or any discipline he has received while in custody. Although he seeks compassionate release, he is not over the age of 70, *see* White Dec., Attachment 1, and his Petition makes no mention of any health concerns.

## ARGUMENT

This habeas petition should be dismissed for three independent reasons. First, Petitioner has failed to exhaust the administrative remedies required to assert a habeas corpus claim. Second, Petitioner raises claims that concern the conditions of his confinement, and such claims are not cognizable under habeas corpus. Finally, compassionate release claims must be made in the district in which a prisoner was sentenced.

**I.   Petitioner has not exhausted his administrative remedies.**

Generally, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Although motions to dismiss typically challenge the court's jurisdiction or the sufficiency of pleadings, an exhaustion defense

may be raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008). Exhaustion is not jurisdictional; it is a matter in abatement unrelated to the merits of a claim. *Id.* "This means that procedurally the defense is treated like a defense for lack of jurisdiction, although it is not a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (quotation marks omitted).

An exhaustion analysis is a two-step process. *Id.* First, the court compares the allegations in the defendant's motion and the plaintiff's response. *Id.* The court may dismiss the complaint if it deems that available administrative remedies have not been exhausted based upon the plaintiff's telling of the facts. *Id.* But if factual disputes prevent such a finding, a court may then make factual findings related to exhaustion to reach its decision. *Id.*

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner "bears the burden of demonstrating the futility of administrative review." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Jaimes v. U.S.*, 168 F. App'x 356, 358 (11th Cir. 2006) (same). An institution's requirements define what is considered exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Nor is the petitioner's belief that exhaustion would be futile sufficient to avoid the requirement. *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000). Courts focus on

what remedies are available and whether the inmate pursued these remedies prior to filing suit. *Id.*

The BOP administrative remedy procedure is codified in 28 C.F.R. § 542.10 *et seq.*, and provides for the formal review of any complaint which relates to the inmate's confinement. Under this process, inmates must first attempt informal resolution of their complaints. *Id.* § 542.13(a). At a contract facility such as D. Ray James, inmates first raise complaints by using the contractor's grievance procedure. If the inmate is not satisfied with the institutional response, he or she may appeal that response (BP-10) to the BOP's Regional Director. *Id.* § 542.15. If the inmate is dissatisfied with the Regional Director's response, they may file a national appeal (BP-11) with the Office of General Counsel in Washington, D.C. *Id.* Appeal to the Office of General Counsel is the final administrative remedy appeal in the BOP. Until an inmate has submitted his administrative remedy at the BP-9, BP-10, and BP-11 levels, he has not exhausted administrative remedies. An inmate at a contract facility who raises BOP-related matters (such as sentence computation or reductions) must exhaust the BOP's administrative remedy process. *See, e.g., Valdez v. Johns*, No. 5:19-cv-12, 2019 WL 6338022, at *4 (S.D. Ga. Oct. 31, 2019) (Cheesbro, J.) (describing the administrative remedy process for BOP inmates at D. Ray James), *report and recommendation adopted,* No. 5:19-cv-12, 2019 WL 6353670 (S.D. Ga. Nov. 26, 2019).

Here, Petitioner has failed to exhaust his administrative remedies with regard to any sentence reduction issue. BOP's records demonstrate that he has not submitted any administrative remedies regarding a reduction in sentence or compassionate

release. *See* White Dec., ¶¶ 6, 8; *see also* White Dec., Attachment 2. Nothing in the Petition mentions any attempts made to request administrative remedies from either BOP or staff at D. Ray James. Petitioner is acquainted with such administrative remedies, since he has filed two in the past. *See id.* Accordingly, Petitioner failed to exhaust his administrative remedies and his Petition should be dismissed in its entirety.

## II. Petitioner's claims are not cognizable under habeas corpus.

Petitioner has filed a habeas corpus petition falling under 28 U.S.C. § 2241. He argues that the mere presence of COVID-19 at D. Ray James justifies his release under § 2241. Doc. 1 at 2. But his petition is a challenge to the conditions of his confinement, which is not a cognizable habeas claim.

A habeas petition allows a prisoner to challenge the legality or duration of his confinement. *Gomez v. United States*, 899 F.2d 1124, 1126-27 (11th Cir. 1990). It does not allow him to challenge anything else: "its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). In this circuit, the rule "is that any challenge to the Fact or Duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under § 1983 . . . ." *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). This standard limitation on habeas petitions has been routinely echoed by this Court. *See, e.g., Mayer v. Johns*, No. 5:20-cv-28, 2020 WL 1493952, at *2 (S.D. Ga. Mar. 24, 2020) ("Such claims concern the conditions of his confinement and are not cognizable

under § 2241."); *see also Archilla v. Witte*, No. 4:20-cv-596, 2020 WL 2513648 (N.D. Ala. May 15, 2020) (finding that courts which allow habeas challenges to the conditions of confinement "simply ignore the plain language of the statute and centuries of habeas jurisprudence."). Nor is the Eleventh Circuit in the minority on this issue. *See Wilborn v. Mansukhani*, 795 F. App'x 157, 163 (4th Cir. 2019) ("Seven of the ten circuits that have addressed the issue in a published decision have concluded that claims challenging the conditions of confinement cannot be brought in a habeas petition." (citing cases)). The presence of COVID-19 within a correctional facility does not change this analysis. *Benavides v. Gartland*, No. 5:20-cv-46, 2020 WL 3839938, at *4 (S.D. Ga. July 8, 2020) (allegations of inadequate protections against COVID-19 are challenges to the conditions of confinement).

Here, Petitioner argues that he should be released simply because COVID-19 has been found among other inmates at D. Ray James. Doc. 1 at 2. He does not argue that any medical condition makes him more vulnerable to COVID-19. He also makes no argument that his age leaves him vulnerable, a difficult argument in any case since he is only 28 years old. White Dec., Attachment 1. Ultimately, his petition represents nothing more than a claim that he should be released because of the conditions of his confinement.

Petitioner's proposed alternative remedy—home confinement—is likewise an inappropriate habeas remedy. A request to change the location of confinement is not a challenge to the "fact or duration" of confinement; therefore, it is not appropriately brought under habeas. *Kazemi v. Pugh*, No. 3:06-cv-94, 2007 WL 601757, at *2 (S.D.

Ga. Feb. 16, 2007) (Bowen, J.) ("A prisoner does not possess a constitutional right to be placed, or not to be placed, in a particular prison facility."). A request for home confinement is in fact a request to change the location where an inmate serves a sentence, and inmates cannot challenge location placements in habeas petitions. *See, e.g., Williams v. Flournoy*, 732 F. App'x 810, 812 (11th Cir. 2018) (affirming dismissal by this Court of § 2241 petition which challenged BOP's refusal to transfer inmate to another facility). As such, Petitioner's request to be confined at home is not a proper habeas claim. *See Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (noting that "the sole function of habeas corpus is to provide relief from unlawful imprisonment or custody, and it cannot be used to any other purpose.").

Ultimately, the decision whether to permit an inmate to serve his sentence under home confinement rests within the discretion of the BOP, which makes such placement decisions. *Jenner v. Stone*, No. 3:17-cv-68, 2018 WL 2976995, at *3 (S.D. Ga. May 16, 2018) (Epps, J.) (citing 18 U.S.C. § 3624(c)(4)), *report and recommendation adopted,* No. 3:17-cv-68, 2018 WL 2972350 (S.D. Ga. June 13, 2018). Neither the CARES Act, the First Step Act, nor the COVID-19 pandemic have removed this discretion from the BOP, which retains "absolute discretion" over this decision. *United States v. Seyfried*, No. 4:13-cr-189, 2020 WL 3259535, at *2 (S.D. Ga. June 16, 2020) (Baker, J.). Further, as Petitioner concedes, he has an ICE detainer—which means he is ineligible for home confinement in the first place. *See Jenner*, 2018 WL 2976995, at *4 (citing BOP Program Statement 7340.004, page 11).

Therefore, Petitioner's claims are not cognizable under § 2241 and should be dismissed.

### III. Requests for compassionate release must be made to the sentencing court.

If the Court were to construe this petition as a Motion for Compassionate Release, it should transfer it. Like all motions for sentencing reduction under 18 U.S.C. § 3582(c), a motion for compassionate release should be filed in the district of conviction. *See United States v. Brown,* 817 F.3d 486, 488-89 (6th Cir. 2016) (explaining that motions under Section 3582(c)(2) are part of the criminal proceeding, citing numerous cases); *Arnold v. Warden, FCC Coleman - Low*, No. 5:20-cv-199, 2020 WL 2425731, at *1 (M.D. Fla. May 12, 2020) ("If petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court.").

Petitioner was convicted and sentenced in the Southern District of Florida. *See* Government Exhibit B (Judgment). Therefore, if this Court determines that Petitioner has in fact filed a Motion for Compassionate release, it should transfer the Motion to the Southern District of Florida.

### CONCLUSION

Therefore, this Court should dismiss this habeas corpus petition.

[signature page to follow]

Dated: September 10, 2020,

          Respectfully submitted,

          BOBBY L. CHRISTINE
          UNITED STATES ATTORNEY

          */s/ O. Woelke Leithart*
          O. Woelke Leithart
          Assistant United States Attorney
          Idaho Bar No. 9257
          woelke.leithart@usdoj.gov

Post Office Box 8970
Savannah, GA 31412
(912) 652-4422

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2020, I have caused to be sent by United States mail the documents to the following non-CM/ECF participants:

    Adalmer Duben Laparra Gonzalez
    Reg. No. 34796-001
    Big Spring Correctional Institution
    2001 Rickabaugh Dr
    Big Spring, TX 79720

                                        */s/ O. Woelke Leithart*
                                        O. Woelke Leithart
                                        Assistant United States Attorney