# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**ANGEL R. MARISCAL,**

    **Petitioner,**

**v.**                                                     **Case No. 5:21cv081-RV/MAF**

**W.E. MACKELBURG, WARDEN,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On or about March 31, 2021, Angel R. Mariscal, a federal prisoner proceeding pro se, filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. After direction from this Court, ECF No. 3, Petitioner filed an amended § 2241 petition, on the proper form, ECF No. 4, and a supporting memorandum, ECF No. 5.

On October 12, 2021, Respondent filed a motion to dismiss, with exhibits. ECF No. 12. Respondent also filed supplemental authority in support of its motion. ECF No. 14. Petitioner Mariscal has filed a reply, with attachments. ECF No. 15.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration,

the undersigned concludes Respondent's motion, ECF No. 12, should be granted and the amended § 2241 petition should be dismissed.

## **Background**

Petitioner Mariscal is incarcerated at FCI-Marianna, serving a sentence imposed by the U.S. District Court for the Southern District of Florida in case number 02-20827-CR-CMA.  *See* ECF No. 4 at 2; ECF No. 12 at 4; www.bop.gov/inmateloc.  His current release date is February 18, 2088.  *See* ECF No. 12 at 2; www.bop.gov/inmateloc.

Mariscal has filed this § 2241 petition challenging actions of the BOP during the COVID-19 pandemic.  ECF No. 4 at 2-5.  He raises five grounds in his amended petition:

(1) "BOP staff cannot prevent me becoming infected with COVID19."  *Id*. at 3.

(2) "Inadequacy of available resources within the BOP," specifically "[i]nsufficient cells to accommodate individuals with underlying medical issues like [Petitioner], hence, subsequent staff refusal to be allowed be put in a single cell and forced to cohabit with inmates with no medical issues allowing them to unknowingly carry and transmit the covid virus to individuals like [Petitioner] causing with a high probability [Petitioner's] demise."  *Id*.

(3) "Discrimination based in arbitrary guidelines," where "BOP administration is discriminating inmates by allowing certain

prisoners similarly situated (we all are in prison exposed to the same risks of contracting COVID) to be released from prison giving them a better chance for survival, while others like [Petitioner] are left behind with a high probability of dying because of medical morbidities, in violation of the Equal Protection clause of the Fifth and Fourteenth Amendment." *Id*. at 4.

(4) "The Inevitability of the high infection rate of inmates." *Id*.

(5) "The Uncertainty of the efficacy of all the vaccines." *Id*. at 5.

As relief, Petitioner asks the Court "[t]o compel the BOP to take all the necessary measures to prevent [Petitioner's] demise, whether [that] is to put [Petitioner] in a medical facility or allow [Petitioner] to live in a single cell, or to release [Petitioner] from prison, or to re-patriate [Petitioner] to home confinement." *Id*. at 6. Petitioner asserts that "Congress did not authorize the death penalty for [his] crimes." *Id*.

Respondent filed a motion to dismiss, with exhibits, ECF No. 12, and supplemental authority, ECF No. 14. Respondent asserts the Court should dismiss the petition as moot because Petitioner Mariscal has refused the COVID-19 vaccine, he has contracted and recovered from COVID-19, and he "has very recently received two vaccinations of the highly effective Moderna vaccine on 8-5-2021 and 9-7-2021." *Id*. at 2; *see id*. at 12-14.

Respondent also asserts this Court has no authority to direct the BOP to place Petitioner in home confinement as such decisions concerning an inmate's place of confinement fall solely within the BOP's discretion. *Id*. at 2-3. Respondent further asserts the petition should be dismissed because Mariscal has not filed any request for an administrative remedy prior to filing this petition, "[t]hough Mariscal has sought to exhaust administrative remedies on 110 prior occasions for other complaints." *Id*. at 8. Finally, because Mariscal seeks relief under the CARES Act and the Compassionate Release Act, Respondent asserts Mariscal "must meet the medical condition requirements to establish extraordinary and compelling reasons **AND** warrant relief following a carefully weighing by the 3553(a) factors, which can most properly be done by his sentencing court," *id*. at 15; therefore, asserts Respondent, the Court should consider transferring the petition to Mariscal's sentencing court. *Id*. at 15-18; *see* ECF No. 14 at 5 (Respondent's Supplemental Authority).

Mariscal has filed a reply, with attachments. ECF No. 15. He acknowledges he did not pursue his administrative remedies, explaining he "could not afford to spend all that time filing an administrative process . . .

because [of] the rampant spread of the corona virus" and "the whole situation is an emergency which needs an expedite[d] review." *Id*. at 1. He also acknowledges that he has previously filed "numerous administrative remedies," pointing out that "over 90% of the time they were denied." *Id*. He reiterates that he brings this challenge pursuant to the CARES Act, indicating he "believe[s] Courts still have jurisdiction regarding the abuse of this authority if it violates inmate's constitutional rights." *Id*. at 2.

Regarding the vaccine, in his reply, Mariscal acknowledges that he refused the Johnson and Johnson version, and "medical staff agreed with" this as that vaccine "would not be the adequate one for [him], due to [his] compromised immune system." *Id*. at 3. He also acknowledges that he has since taken two doses of the Moderna vaccine. *Id*. He explains he also had COVID-19 but "recovery does not mean out of the woods." *Id*.

In his reply, Mariscal specifically requests this Court rule on his petition and not transfer it, as suggested by Respondent. *Id*. He states that he "realizes[s] due to the fact, that home confinement pursuant to the Cares Act has been deemed only transitory and temporary, because of public safety factors and the length of [his] sentence [he] may not be eligible for that kind

of relief, but [he] still believe[s] that the Court can intervene, based on what it is been going on here in this institution and all over the BOP nationwide." *Id*. He explains his "request to the Court is that the judicial branch direct the BOP to prevent [him] to take another 'bullet,' so to speak, by any means necessary." *Id*. at 4. He attaches print-outs of news reports to "give the Court an idea what has been going on and still going on within the BOP institutions." *Id*. He indicates "the harm I have already suffered by getting infected by the staff, should better brought up in a Bivens actions, but that is not my focus for now, the main purpose of this motion to the Court is to prevent further damage to my already weakened medical condition." *Id*. at 5. He requests "to be put in a medical facility, or at least, to be able to live in a single cell until the pandemic gets under control." *Id*. at 6.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. See <u>United States v. Hayman</u>, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or

treaties of the United States."  As noted in Hayman, prisoners must bring habeas corpus applications in the district of confinement.  342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See id.* at 212-14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  *See* McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence).  Thus, § 2241 provides an avenue for challenges to

matters such as the administration of sentences or parole, prison disciplinary actions, and certain types of detention. See Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In his amended § 2241 petition, as clarified by his reply, Mariscal essentially challenges the BOP's administration of his sentence during the COVID-19 pandemic. ECF Nos. 4, 15. Specifically, Mariscal challenges, pursuant to the CARES Act, the BOP's refusal to place him in home confinement, transfer him to a medical facility, or allow him "to live in a single cell until the pandemic gets under control." ECF No. 15 at 6; see ECF No. 4 at 4, 6.

As both Mariscal and Respondent acknowledge, the U.S. Attorney General, acting through the BOP, administers a federal defendant's

sentence. 18 U.S.C. § 3621(b); United States v. Wilson, 503 U.S. 329, 335 (1992); Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). *See* Moore v. U.S. Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) ("A person convicted of a crime against the United States and sentenced to confinement is committed by statute to the custody of the Attorney General at a place to be designated solely by the Attorney General."). After a petitioner exhausts administrative remedies, the district court may review the constitutionality of the BOP's decision and statutory construction. *See* Rodriguez, 60 F.3d at 747. "[I]f congressional purpose is clear, then interpreting courts and administrative agencies 'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (quoting Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)). If the statute is silent or ambiguous, the court must defer to the agency's reasonable interpretation unless the interpretation is "'arbitrary, capricious, or manifestly contrary to the statute.'" *Id*. (quoting Chevron, 467 U.S. at 844).

As both Mariscal and Respondent also acknowledge, Mariscal did not exhaust his administrative remedies regarding his requests that he be placed in home confinement pursuant to the CARES Act, transferred to a medical

facility, or allowed to live in a single cell until the COVID-19 pandemic subsides. *See* ECF No. 12 at 8-10; ECF No. 15 at 1-2. Indeed, Respondent has included the declaration of Bridgitte Forward, Associate Warden's Secretary, FCI Marianna. ECF No. 12-3. Ms. Forward serves as the Administrative Remedy Clerk at FCI Marianna and she explains the administrative remedy process and records. *Id*. at 1-2. She states that she has "reviewed the SENTRY administrative-remedy records database and the database indicates Petitioner has filed 110 administrative remedies during his incarceration"; however, "[o]f those 110 filings, SENTRY does not indicate Petitioner filed any administrative remedies related to the risk of exposure to COVID-19 or other issues related to COVID-19." *Id*. at 2; *see* ECF No. 12-4. Ms. Forward concludes, "Petitioner has failed to file a single administrative remedy on issues related to COVID-19 as raised in his Petition and therefore, has not exhausted the administrative remedy process." ECF No. 12-3 at 3.

The Eleventh Circuit Court of Appeals has held, in Santiago-Lugo v. Warden, 785 F.3d 467 (11th Cir. 2015), that a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect, overruling its

earlier decision in Gonzalez v. United States, 959 F.2d 211 (11th Cir. 1992). The court explained that exhaustion of administrative remains a requirement, "it's just not a jurisdictional one." Santiago-Lugo, 785 F.3d at 475.

> What its non-jurisdictional nature means is that a court need not inquire into exhaustion on its own. A court has the discretion to accept or reject a concession from the respondent that administrative remedies have been exhausted. And because exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question.

*Id*. at 475 (citations omitted). Thus, pursuant to Santiago-Lugo, the Court may deny a petition without deciding the exhaustion issue, but the Court may not grant relief if a petitioner has not exhausted his administrative remedies. *See, e.g.*, Blevins v. FCI Hazelton Warden, 819 F. App'x 853, 855-56 (11th Cir. 2020); Davis v. Warden, FCC Coleman, 661 F. App'x 561, 562 (11th Cir. 2016); Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 843 (11th Cir. 2015).

Even if he had exhausted administrative remedies, Petitioner Mariscal's request under the CARES Act for an alternative confinement location – home confinement, a medical facility, or single cell – cannot be

granted by this Court. A district court does not have the authority to order the BOP to place him on home confinement. Touizer v. Carvajal, No. 21-10761, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021). "Indeed, the BOP alone 'shall designate the place of the prisoner's imprisonment,' and such 'a designation of a place of imprisonment . . . is not reviewable by any court." Id. (quoting 18 U.S.C. § 3621(b)); see 18 U.S.C. § 3624(c)(4). *See also, e.g.,* McKune v. Lile, 546 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Alvarez, No. 19cr20343-BLOOM, 2020 WL 2572519, at *2-3 (S.D. Fla. May 21, 2020) (order denying motion requesting placement on home confinement); Burg v. Nicklin, No. EP-19-CV-24-FM, 2019 WL 369153, * (W.D. Tex. Jan. 29, 2019) (explaining, in order denying petition for writ of mandamus that requested court to order respondent to immediately release inmate to home detention, "§ 3621(b) gives the BOP the authority and discretion to designate a prisoner's place of confinement" and, further, "[t]he Supreme Court has consistently held that a prisoner has no constitutional right to be confined in a particular place"). "The Attorney General – and by delegation – the BOP – has the exclusive authority and *discretion* to designate the place of an inmate's confinement." Burg, 2019

WL 369153 *3; *see, e.g.*, Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) ("A person convicted of a crime against the United States and sentenced to confinement is committed by statute to the custody of the Attorney General at a place to be designated solely by the Attorney General."); Ledesma v. United States, 445 F.2d 1323, 1324 (5th Cir. 1971).

## Conclusion

Petitioner Mariscal has not exhausted his administrative remedies. Further, this Court does not have the authority to grant his requested relief. It is therefore respectfully **RECOMMENDED** Respondent's motion to dismiss (ECF No. 12) be **GRANTED** and the amended § 2241 petition (ECF No. 4) be **DISMISSED.**

**IN CHAMBERS** at Tallahassee, Florida, on November 19, 2021.

        S/ Martin A. Fitzpatrick
        **MARTIN A. FITZPATRICK**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the**

**electronic docket is for the Court's internal use only and does not control.**  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**